IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MARILYN D. FORRESTER,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　　TC-MD 130417C
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
POLK COUNTY ASSESSOR, and　　　　　　)
DEPARTMENT OF REVENUE,　　　　　　　)
State of Oregon,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)　　**FINAL DECISION OF DISMISSAL**

## I.  INTRODUCTION

This matter is before the court on Defendant Department of Revenue's Motion to Dismiss, filed with the court August 23, 2013, requesting that Plaintiff's appeal be dismissed for lack of aggrievement.  The appeal involves a request by Plaintiff to be "put[] * * * back on" the "senior deferral" property tax program for the 2013-14 tax year (2013).[1]  (Ptf's Compl at 1.)

The court held a hearing on the matter October 14, 2013, by telephone.  Plaintiff Marilyn Forrester appeared on her own behalf.  Defendant Oregon Department of Revenue was represented by Kathy Stevens (Stevens), Operations and Policy Analyst.  Defendant Polk County Assessor did not appear at the proceeding.[2]

---

[1] To avoid further hardship to Plaintiff and expedite the fair and impartial resolution of Plaintiff's appeal, the court allowed Plaintiff to orally amend her Amended Complaint at the October 14, 2013, proceeding to add the tax year being appealed (2013-14), which corresponds to the 2013 assessment year.  *See generally* ORS 308.007. The court allowed that amendment pursuant to its discretionary authority under Tax Court Rule (TCR) 23 A and D(2)(b), made applicable to the Magistrate Division of the court by the Preface to the Rules of the Magistrate Division.

[2] Although Plaintiff named the Polk County Assessor as a codefendant in her Amended Complaint, filed with the court August 6, 2013, eligibility for Oregon's homestead property tax deferral program is determined by the Oregon Department of Revenue, pursuant to ORS 311.672(2), and the county assessor was therefore not a necessary party to the appeal.  The court understands Plaintiff's confusion because pursuant to Oregon law, specifically ORS 311.672(1)(b), homestead deferral applications are filed with the assessor, who then forwards the application to the Department of Revenue to determine eligibility, as required by subsection (2) of that statute.

At the October 14, 2013, proceeding, the parties indicated a desire to address the motion at that time rather than submit the matter to the court on written submissions by the parties or proceed to hearing or trial at a later date. Accordingly, Plaintiff and Stevens were placed under oath for the receipt of sworn testimony. Plaintiff would like to be reinstated into the homestead property tax deferral program for the 2013-14 tax year. Defendant has requested that the appeal be dismissed because "plaintiff has failed to state a claim or provide information that she has been aggrieved." (Def's Mot to Dismiss at 1.) Defendant further indicates in its motion that "Plaintiff's complaint includes a 2013 Property Tax Deferral Application but the department has no record of having received or responding/acting on an application for 2013." (*Id*.)

## II. STATEMENT OF FACTS

Plaintiff participated in Oregon's homestead property tax deferral program, provided in ORS 311.666 through ORS 311.701, between 2007 (2007-08 tax year) and 2010 (2010-11 tax year).[3] (Def's Mot To Dismiss at 1.) Plaintiff acknowledged that fact during the October 14, 2013, hearing.

Defendant removed ("inactivated") Plaintiff from the homestead property tax deferral program on October 4, 2011, due to changes made by the Oregon legislature in 2011 that prohibited entitlement to the homestead deferral if the property was "pledged as security for a reverse mortgage." (*Id*.); Or Laws 2011, ch 723, § 16, amending ORS 311.700.[4] Defendant notified Plaintiff of that determination in late 2011 as required by ORS 311.678(1). Plaintiff did not respond to that notification at that time.

/ / /

---

[3] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2011.

[4] That law was enacted as part of House Bill 2543, approved by the Oregon legislature during its 2011 Regular Session and signed by the Governor on August 5, 2011. The Act took effect September 29, 2011, 91 days after the legislature adjourned. Or Laws 2011, ch 723, § 32.

Plaintiff did not at any time reapply for deferral after Defendant removed her from the program in 2011. Plaintiff appealed to this court on or about July 19, 2013. Plaintiff's original Complaint (a handwritten letter) did not comply with applicable court rules regarding the required contents of a complaint and inclusion of any relevant notice from which the appeal was taken. Tax Court Rule-Magistrate Division (TCR-MD) 1 A(1) and B.[5] Plaintiff subsequently filed an Amended Complaint, as requested by the court. Plaintiff included with her Amended Complaint an incomplete 2013 application for property tax deferral. (Ptf's Amended Compl at 2.) The upper portion of the first page of the deferral application form that Plaintiff submitted states in bold lettering that it must be filed with the assessor "after January 1 and by April 15." (*Id.*) Plaintiff did not file that application with the county assessor or, for that matter, with Defendant. Defendant filed its Motion to Dismiss on or about August 23, 2013, because it had not received an application for 2013 from Plaintiff (either directly or from the assessor), and therefore had not taken any action or inaction for that year.

III. ANALYSIS

Oregon has a homestead property tax deferral program available to qualifying individuals owning qualifying property. *See generally* ORS 311.666 to ORS 311.701. Under the law, a taxpayer seeking homestead property tax deferral must file a claim "with the assessor of the county in which the homestead is located, after January 1 and on or before April 15 of the year for which deferral is claimed." ORS 311.672(1)(b). The statute then requires that the assessor send those claim forms to Defendant for determination of eligibility. ORS 311.672(2). The

---

[5] Plaintiff's initial filing with this court was a handwritten letter that did not include the information required by TCR-MD 1 B, including "the facts showing how the plaintiff is aggrieved by the order, act, omission, or determination," or "[a] copy of the order or notice" being appealed.

The court's references to the rules of the Magistrate Division of the Tax Court are to those in effect on January 1, 2013.

statue provides in relevant part: "[t]he county assessor shall forward each claim filed under this section to the department [of revenue]," and the department shall determine whether the property is eligible for the deferral." (*Id.*)

Because of the extent of Plaintiff's confusion over and frustration with the homestead deferral program, the court will address two key concerns Plaintiff appears to have with the imposition of taxes on her property for 2011, 2012, and 2013 (which have corresponding tax years of 2011-12, 2012-13, and 2013-14).[6]

A.    *2011 and 2012*

The legislature made amendments to the homestead deferral program in 2011 which, among other things, precluded continued deferral for otherwise qualifying taxpayers who pledge their property as security for a reverse mortgage. That legislation, codified in ORS 311.700(2), provides in relevant part: "[a] homestead on which amounts deferred under ORS 311.666 to 311.701 remain outstanding may not be pledged as security for a reverse mortgage by any person." *See also* Or Laws 2011, ch 723, § 16 (HB 2543).

Subsequent changes made by the Regular Session of the 2012 Oregon Legislative Assembly effectively granted a two year reprieve to taxpayers whose homesteads were determined "to be ineligible for deferral under ORS 311.666 to 311.701 solely because the homestead was pledged as security for a reverse mortgage." Or Laws 2012, ch 13, § 7. That

---

[6] Plaintiff's Amended Complaint, which is a fill-in-the-blank form, states only that the order, letter, or notice (unspecified) she is appealing is an error because "it said 'unless reverse mortgage' but new legislation has allowed back in." (Ptf's Amended Compl at 1.) As indicated in the factual statement of the body of this decision, Plaintiff included a 2013 property tax deferral application, but the application was incomplete, including the absence of a check mark next to either the "yes" or "no" box that is part of question three of the form, which asks whether the applicant has a reverse mortgage that is secured by the home for which property tax deferral is requested. (*Id*. at 2.) Questioning by the court aimed at clarifying the nature of Plaintiff's reason for appeal failed to clarify exactly why Plaintiff appealed. Plaintiff testified that she was in pain due to problem with a brace in her neck and was taking pain medication that affected her memory. Plaintiff spoke at various times about 2011, 2012, and 2013, although she ultimately stated that she thought she was appealing 2013.

FINAL DECISION OF DISMISSAL  TC-MD 130417C                                                    4

legislation retroactively suspended the effect of the 2011 amendment to ORS 311.700 that precludes deferral for homesteads having a reverse mortgage. The 2012 legislation states that the prohibition against reverse mortgages applies to "property tax years beginning on or after July 1, 2013." *Id*. Relief under that legislation required the taxpayer to submit an application for recertification of deferral "on or before February 1, 2012, for the property tax year beginning on July 1, 2011." *Id*.

Defendant's representative Stevens testified that Defendant notified Plaintiff and all other affected property owners of the 2012 legislative changes in late 2011.[7] Plaintiff did not respond to the notification by the February 1, 2012, deadline.

At the October 14, 2013, hearing, Plaintiff testified that she had been receiving a property tax deferral on her homestead, but had been removed from that program in 2011. Plaintiff testified that she never received any notification from Defendant advising her that she had been removed from the deferral program, but that her housekeeper might have disposed of the notice because, according to Plaintiff, the person performing those tasks occasionally "gets rid of" some things. Plaintiff testified that she had called Defendant "last winter" and was told that there would be, or had been, some changes in the law. Plaintiff further testified that Defendant "took out taxes for 2011 and 2012."

Stevens testified that Plaintiff telephoned Defendant in September, October, and November 2012, asking about 2012 legislative changes allowing taxpayers who had been removed from the deferral program solely because they had a reverse mortgage on their homestead to a "retroactive" deferral for 2011 and 2012 if they timely filed a recertification form

---

[7] ORS 311.678 requires Defendant to send taxpayers who are currently participating in the property tax deferral program a postcard each year on or before December 15 advising the taxpayer whether the taxes have or have not been deferred, the amount of taxes that have been deferred up to that point, advising the taxpayer of the option to voluntarily pay all deferred taxes, and including any other information Defendant deems necessary to facilitate the administration of the program.

and met the other eligibility requirements. Stevens correctly testified that the changes were brought about by House Bill 4039. Those legislative changes are set forth above. Or Laws 2012, ch 13, § 7.

Plaintiff, who had previously been a beneficiary of the homestead property tax deferral program for qualifying seniors and disabled individuals, was removed from that program due to legislative changes in 2011 and, after further changes were made by the legislature in 2012, Plaintiff did not timely respond to Defendant's notification by filing a recertification application that would have entitled her to retroactive deferral of her taxes for tax years 2011-12 and 2012-13. Although those tax years are not specifically before the court in this matter, Plaintiff spoke of her concern about the financial impact of her removal from the program in 2011 and the subsequent imposition of property taxes for the 2011-12 and 2012-13 tax years. Those taxes were legally and properly imposed because of Plaintiff's reverse mortgage and failure to timely apply for recertification following the 2012 legislative changes.

B.    *2013*

Turning to the year that is properly before the court, and to which Defendant directs its motion, Plaintiff would like to be placed back into the homestead property tax deferral program for the 2013-14 tax year (2013 assessment year). *See generally* ORS 308.007 (defining assessment year in tax year). Unfortunately, the court is unable to grant that relief.

Plaintiff did not file a claim for deferral with the county assessor on or before the April 15, 2013, statutory deadline set out in ORS 311.672(1)(b). Defendant moved for dismissal because ORS 305.275(1) requires that a person appealing to the Magistrate Division of the Tax Court "must be aggrieved by and affected by an act, omission, order or determination of [the Department of Revenue or county assessor]."

Plaintiff ultimately acknowledged at the October 14, 2013, court proceeding that she had not filed an application for deferral for 2013. Plaintiff did include an incomplete copy of the deferral application form with her appeal to the court. Although it is not entirely clear to the court, it appears she may have believed that was sufficient to achieve the desired result of obtaining property tax deferral for 2013, notwithstanding the language at the top of the application claim form which clearly states in bold lettering that the form must be completed and filed "*with the county assessor's office after January 1 and by April 15*." (Ptf's Amended Compl at 2 (emphasis added).)

Stevens testified that Plaintiff called Defendant on or about March 7, 2013, asking about the 2012 legislative changes, and when advised by Defendant's employee that she was not eligible for the benefits of those legislative changes because Plaintiff had not sent in her recertification papers by the February 1, 2012, deadline, Plaintiff asked about her appeal rights. Plaintiff was advised of her appeal rights and eventually found her way to the court in July 2013.[8]

Stevens further testified that when Plaintiff called Defendant in March 2013, and had the discussion referenced above, Defendant responded on that day or shortly thereafter by sending Plaintiff a 2013 homestead property tax deferral application. Plaintiff did not file that application with the county assessor as required by ORS 311.672(1)(b) (requiring that "[t]he claim for deferral must be filed with the assessor of the county in which the homestead is located, after January 1 and on or before April 15 of the year for which deferral is claimed"). Plaintiff included that application form with her appeal to this court.

/ / /

---

[8] The court notes that Plaintiff's March 2013 call to Defendant was approximately one month after the February 1, 2012, recertification deadline for retroactive relief for 2011 and 2012.

Because Plaintiff did not apply for the property tax deferral after she was removed from the program in 2011, and specifically filed no such claim or application in 2013, it follows that she did not receive a notice of denial. Had a claim been filed and denied, Plaintiff would be "aggrieved," as required by ORS 305.275(1), and Defendant's request for dismissal for lack of aggrievement would be denied, assuming Plaintiff timely appealed any such denial.

## IV. CONCLUSION

The court concludes that Defendant's Motion to Dismiss should be granted because Plaintiff did not appeal to the court from an adverse decision of the county assessor or Department of Revenue regarding the homestead property tax deferral program. Plaintiff is therefore not "aggrieved," as required by ORS 305.275(1), and the court therefore lacks jurisdiction to consider the appeal. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of October 2013.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This document was signed by Magistrate Dan Robinson on October 23, 2013. The court filed and entered this document on October 23, 2013.*